Nicholas Ranallo, Attorney at Law
Cal Bar. #275016
10411 Alderbrook Pl. NW
Seattle, WA 98177
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| James Davis, a California individual<br><br>    Plaintiff,<br><br>v.<br><br>Carl Crowell, an individual residing in Oregon;<br>Dallas Buyers Club, LLC a Texas limited liability company;<br>Cobbler Nevada, LLC, a Nevada Limited Liability Company;<br>LHF Productions, Inc., a Nevada corporation;<br>Criminal Productions, Inc., a Nevada corporation;<br>September Productions, Inc., a Nevada corporation;<br>QOTD Film Investment Ltd, a United Kingdom entity of unknown form;<br>Guardaley, LLC; a German entity of unknown form;<br>APMC, a German entity of unknown form;<br>InterallIP, LLP; a UK limited liability partnership;<br> and DOES 1-100;<br><br>    Defendants | Case No. **'17CV1181 CAB NLS**<br><br>**COMPLAINT WITH JURY DEMAND**<br><br>1) **FRAUDULENT INDUCEMENT INTO CONTRACT**<br>2) **INTENTIONAL MISREPRESENTATION (DECEIT)**<br>3) **VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200**<br>4) **UNJUST ENRICHMENT**<br>5) **QUANTUM MERUIT**<br>6) **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

1
COMPLAINT

## INTRODUCTION

1. This matter concerns an Oregon lawyer, Carl Crowell ("Crowell") falsely representing to his old law school classmate, James Davis, that he had a good litigation business opportunity pursuing litigation for movie studios against thousands of consumers in California. (the "Copyright Litigation Campaign").

2. The lawsuits in the Copyright Litigation Campaign were brought in the name of special purpose entities corresponding to each individual film that was allegedly infringed, including, inter alia, Dallas Buyer's Club, LLC, and Cobbler Nevada, LLC.

3. As described herein, Davis later discovered that Crowell, in connection with and on behalf of the other named defendants, misrepresented the true nature of the Copyright Litigation Campaign, including the ownership of the works at issue and the role of the various third-parties involved in the litigation.

4. At the time of his withdrawal, Davis had filed 58 cases on behalf of the Copyright Litigation Campaign.

5. Plaintiff does not have a written fee agreement with any of the Defendant parties.

## PARTIES

6. Plaintiff James Davis ("Plaintiff" or "Davis") is an attorney licensed in Oregon and California, and residing in San Diego County, California.

7. Defendant Carl Crowell ("Crowell") is an attorney located in the State of Oregon. Crowell operates an unregistered Oregon business website, www.rightsenforcement.com, to collect money for film enforcement, "Rightsenforcement.com". He further operates an unregistered Oregon business known as APMC (APMC Oregon) where he has received billing invoices from local counsel in Louisiana. Upon information and belief, Rightsenforcement.com and/or APMC Oregon are related to, or successor entities of defendants in this matter.

8. Defendant Dallas Buyers Club, LLC ("DBC") is a Texas Limited Liability Company. Plaintiff filed numerous lawsuits, including lawsuits within the County of San Diego that were purportedly on behalf of DBC based on the alleged infringement of the film *Dallas Buyer's Club*.

9. Defendant Cobbler Nevada, LLC ("Cobbler") is a Nevada limited liability company. Plaintiff filed lawsuits, including lawsuits within the County of San Diego that were purportedly on behalf of Cobbler and based on the alleged infringement of *The Cobbler*.

10. Defendant QOTD Film Investment, Ltd., ("QOTD") is a UK limited company. Plaintiff filed lawsuits, including lawsuits within the County of San Diego, that were purportedly on behalf of QOTD and were based on the alleged infringement of the film *Queen of the Desert*.

11. Defendant LHF Productions, Inc., is a Nevada limited liability company associated with Millennium Films. Plaintiff filed lawsuits, including lawsuits within the County of San Diego, that were purportedly on behalf of LHF Productions, Inc., and were based on the purported infringement of the film *London Has Fallen*.

12. Defendant Criminal Productions, Inc., ("Criminal") is a Nevada corporation associated with Millennium Films. Plaintiff filed lawsuits, including lawsuits within the County of San Diego, that were purportedly on behalf of Criminal and were based on the purported infringement of the film *Criminal*.

13. Defendant September Productions, Inc. ("September Productions") is Nevada corporation associated with Millennium Films. Plaintiff filed lawsuit(s), including lawsuits within the County of San Diego, that were purportedly on behalf of September Productions and were based on the purported infringement of the film *Septembers of Shiraz*.

14. Interallip, LLP (Interallip) is a limited liability partnership located in London, England.

14. Upon information and belief, InterallIP is controlled by Ben Perino and Patrick Achache, who also control Defendant Guardaley, as described herein.

15. Guardaley is a German entity that participates and/or controls the Copyright Litigation campaign described herein. Upon information and belief, Guardaley is controlled by Ben Perino and Patrick Achache.

16. The previously-identified Defendants partner with Guardaley and its front companies, to gather purported evidence of copyright infringement in furtherance of the Copyright Litigation Campaign.

17. Davis is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100 ("Doe Defendants"), inclusive, and therefore sues these defendants by such fictitious names. Davis will amend this Complaint to allege their true names and capacities when ascertained. Davis upon information and belief, alleges that each of the Doe Defendants is subject to the jurisdiction of this Court in the State of California.

18. Each of the Doe Defendants herein was, at all times relevant to this action, the express or implied employee, agent, supervisor, managerial employee, partner, or other representative of the Defendants and named acted at least in part within the scope and course of that relationship.

## JURISDICTION AND VENUE

19. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 based on diversity jurisdiction, as each of the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

20. This Court has personal jurisdiction over Defendants, as each Defendant has sufficient minimum contacts with the State of California, including, inter alia, filing lawsuits in California federal courts as part of the Copyright Litigation Campaign described herein.

21. A substantial portion of the events or omissions giving rise to the claim occurred in the state.

22. Venue is proper in the Southern District of California as a substantial portion of the events and omissions giving rise to the causes of actions occurred within the district.

## ALLEGATIONS COMMON TO ALL COUNTS

23. Prior to the events outlined herein, Mr. Davis's legal practice was primarily limited to immigration law and, as a result, Mr. Davis was unfamiliar with civil copyright litigation.

24. In or around March, 2015, Crowell approached Davis on his own or, alternately, on behalf of the Defendants involved in the Copyright Litigation Campaign to secure Mr. Davis' participation in the campaign.

25. In so doing, Crowell and other Defendants made numerous false representations to Davis designed to secure Davis' participation in the Copyright Litigation Campaign.

26. Crowell and other Defendants withheld numerous material facts that were known to Crowell and the knowledge of which would have cast doubt on the value and ethical propriety of the Copyright Litigation Campaign for Mr. Davis.

27. As a result of Crowell's and other Defendants' misrepresentations and failures to disclose material facts, Davis agreed to participate in the Copyright Litigation Campaign.

28. Defendants were aware that the representations as to the ownership of the relevant entities and propriety of the underlying claims were false and used to deceive Plaintiff in to participating in the Defendant's scheme.

29. Defendants further deceived or mislead Plaintiff by having an undisclosed agreement regarding the rights and responsibilities of the parties.

30. During the course of his participation in the Copyright Litigation Campaign, Davis began to slowly learn the true facts behind the campaign.

31. On or around August, 2016, a defendant in the Northern District of California filed a motion seeking to require DBC to post a bond. The motion included numerous facts calling into question the propriety of the DBC lawsuits and, by extension, the entire Copyright Litigation Campaign.

32. In the course of preparing a response to the motion, Davis began asking questions and uncovering facts that undermined Defendants' representations and Davis' belief in the value and ethical propriety of the Copyright Litigation Campaign.

33. Davis then began to aggressively seek further information from Crowell and Defendants regarding the overall structure of the litigation and the factual and legal support underlying it. Davis got limited responses, excuses, and delays.

34. In November, 2016, Judge William V. Gallo the Southern District of California ordered LHF Production Inc. to Show Cause why two matters should not be dismissed. A hearing on the order was scheduled and the copyright holder was ordered to appear.

35. In preparing to respond to the Order to Show Cause, Davis learned still further facts that contradicted the representations made by Crowell and Defendants.

36. Following a meeting in Santa Monica with several of the principles of the Copyright Litigation Campaign, Mr. Davis concluded that both the legal and factual basis of the Copyright Litigation campaign were unsound, and that each had been misrepresented to him.

37. Davis, after consideration, informed Crowell, Achache, and Perino that he would withdraw from all matters. For pending cases, Davis took no actions to harm the interests of the Film Studios he offered to dismiss, turn the cases over to other counsel, or service the cases until new counsel could be located.

**FIRST CAUSE OF ACTION – FRAUDULENT INDUCEMENT IN CONTRACT**

38. Plaintiff repeats the allegations of paragraphs 1-36 as though fully set forth herein.

39. Defendants, via their agent Crowell, made numerous misrepresentations to Davis with the intent of securing Davis' participation in the copyright litigation campaign.

40. Davis justifiably relied on the misrepresentations set forth herein.

41. As a result of these misrepresentations, Davis agreed to participate in the Copyright Litigation Campaign under the mistaken belief that the litigation was legally and factually supported and that the required parties would provide necessary participation and support for the Copyright Litigation Campaign.

42. Davis suffered damages as a result of his participation in the Copyright Litigation Campaign, including cost of staffing, office and equipment, and reputation and numerous

uncompensated hours spent laboring on cases that were legally and factually infirm.

## SECOND CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION (DECEIT)

43.   Plaintiff repeats the allegations of paragraphs 1-41 as though fully set forth herein.

44.   As a result of Defendants' deceit, Davis agreed to participate in the Copyright Litigation Campaign under the mistaken belief that the litigation was legally and factually supported and that the required parties would provide necessary participation and support for the Copyright Litigation Campaign.

45.   Davis suffered damages as a result of his participation in the Copyright Litigation Campaign, including cost of staffing, office and equipment, and reputation and numerous hours spent laboring on cases that were legally and factually infirm.

## THIRD CAUSE OF ACTION – VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

46.   Plaintiff repeats the allegations of paragraphs 1-44 as though fully set forth herein.

47.   Defendants' business practices are unfair, unlawful, and fraudulent.

48.   Davis has suffered monetary damage as a direct result of the unfair, unlawful, and fraudulent business practices set forth herein.

## FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT

49.   Plaintiff repeats the allegations of paragraphs 1-47 as though fully set forth herein.

50.   Defendants have been unjustly enriched as a result of Davis rendering services in cases that lacked a valid legal or factual basis and were therefore impossible for Davis to successfully litigate.  These benefits included, but are not limited to, the deterrent effect of litigation on the piracy of Defendant's works.

51.   As a result of the foregoing, Davis is entitled to the reasonable value of his

services, measured by the Lodestar method.

### FIFTH CAUSE OF ACTION – QUANTUM MERUIT

52. Plaintiff repeats the allegations of paragraphs 1-50 as though fully set forth herein.

53. As set forth herein, Davis rendered substantial services to Defendants with the expectation that he would be compensated.

54. Davis did not have a written fee agreement with any Defendant.

55. Attorneys may recover the reasonable value of their services when their fee contracts are invalid or unenforceable.

56. As a result of the foregoing, Davis is entitled to the reasonable value of his services, measured by the Lodestar method.

### SIXTH CAUSE OF ACTION – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

57. Plaintiff repeats the allegations of paragraphs 1-55 as though fully set forth herein.

58. A contract for litigation services includes a promise – whether express or implied – that the contracting party will fulfill certain responsibilities required to successfully litigate a claim.  These include, but are not limited to, appearing at various hearings or depositions when required and providing documents and support necessary to respond to a party's discovery obligations.

59. Defendants breached their respective covenants of good faith and fair dealing by, inter alia, refusing to appear at or participate in the Copyright Litigation Campaign when their participation was required by necessity or court order.

60. In so doing, Defendants unfairly interfered with Davis' ability to successfully litigate relevant claims, thereby interfering with Davis' ability to enjoy the benefits of the party's oral agreement, to Davis' detriment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

   A. Actual damages, statutory damages, punitive or treble damages in the amount of no less than $300,000 and such other relief as is justified by the claims asserted;

   B. Pre-judgment and post-judgment interest on any monetary recovery;

   C. Equitable relief in the form of a recovery in quantum meruit to the extent justified by the claims asserted;

   D. The costs of bringing the suit, including reasonable attorney's fees; and

   E. All other relief to which Plaintiff may be entitled at law or equity;

   F. Such other relief as this court believes is just.

DATED: June 13, 2017                NICHOLAS RANALLO, ATTORNEY AT LAW


                                    By: _____/s/ Nicholas Ranallo
                                    Nicholas Ranallo (Cal Bar # 275016)
                                    10411 Alderbrook Pl. NW
                                    Seattle, WA 98177
                                    (831) 607-9229
                                    Fax: (831) 533-5073
                                    nick@ranallolawoffice.com

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a jury trial on all issues so triable.

DATED: June 13, 2017          NICHOLAS RANALLO, ATTORNEY AT LAW


By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar # 275016)
10411 Alderbrook Pl. NW
Seattle, WA 98177
(831) 607-9229
Fax: (831) 533-5073
nick@ranallolawoffice.com